David E. Weiss (SBN 148147)
Email: deweiss@reedsmith.com
Cristina M. Shea (SBN 179895)
Email: cmshea@reedsmith.com
Amy Lifson-Leu (SBN 260062)
Email: alifsonleu@reedsmith.com
Ashley Shively (SBN 264912)
Email: ashively@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA  94105

Telephone:  +1 415 543 8700
Facsimile:   +1 415 391 8269

Attorneys for Plaintiff
Jesse Ray Lucas

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE RAY LUCAS, individually, | Case No.: |
| Plaintiff, | **1: 09-CV-01015-AWI (DLB)** |
| vs. | |
| CITY OF VISALIA; VISALIA POLICE DEPARTMENT; ROBERT CARDEN, individually and in his capacity of Chief of Police of the Visalia Police Department; VISALIA POLICE OFFICER CARMEN ESPARZA, individually and in her capacity as a police officer; VISALIA POLICE OFFICER SEAN O'RAFFERTY, individually and in his capacity as a police officer; TASER INTERNATIONAL, INC., and DOES 1 to 30, | **STIPULATION AND PROTECTIVE ORDER**<br><br>Honorable Anthony W. Ishii<br>U.S. Magistrate Judge Dennis L. Beck |
| Defendants. | |

## STIPULATION AND [PROPOSED] PROTECTIVE ORDER

Plaintiff Jesse Ray Lucas, Defendants City of Visalia, the Visalia Police Department, Officers Sean O'Rafferty and Carmen Esparza (the "City Defendants"), and  Defendant TASER International Incorporated ("TASER") by and through their respective undersigned counsel, hereby stipulate to and respectfully request that the

Court enter the following Protective Order Regarding Confidential Information ("Order"), which the parties agree is necessary to safeguard the confidentiality of information, documents and materials ("Protected Material") to be produced and disclosed in the course of and for the limited purposes of prosecuting, defending, attempting to settle, or settling this action. Such Protected Material may be disclosed only under the conditions described in this Protective Order. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

### TERMS AND CONDITIONS

1. Definitions:

a. Party. Any party this action, including all of its officers, directors, partners, employees, consultants, Experts, and Counsel.

b. Disclosure or Discovery Material. All items of information, regardless of the medium or manner generated, stored, or maintained (including, among other things, electronic files, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

c. "Confidential" Information or Items. Non-public technical, commercial, financial, personal, or business information (regardless of how generated, stored or maintained) or tangible things. By way of example, Confidential Information shall include, without limitation: (a) matters of a technical nature, such as materials, models, devices, products, trade secret processes, techniques, data, formulas, inventions (whether or not patentable), specifications and characteristics of products planned or being developed; (b) research subjects, methods and results; (c) matters of a business nature such as information about costs, margins, pricing policies, markets, sales, suppliers, customers, product plans and

marketing plans or strategies; (d) medical records, personal financial information, information containing confidential and sensitive matters, employment or personnel files, personal information or information protected by rights of privacy under Article I, Section 1 of the California Constitution or other applicable law, or other proprietary or competitively sensitive information; (f) other information of a similar nature that is not generally disclosed by a Producing Party to the public; and (e) any communications related to the (a) – (f), above.

d. "Highly Confidential" Information or Items.  Any party may designate information or items as "Highly Confidential."  The designation of information or items as "Highly Confidential" will require the information to be filed under seal, in accordance with District Court for the Eastern District of California Local Rule 141, or consistent with other procedures adopted by the parties and the Court.  Any such Highly Confidential materials filed under seal or lodged conditionally under seal shall remain as such until further order of the Court.

e. Receiving Party.  A Party that receives Disclosure or Discovery Material from a Producing Party.

f. Producing Party.  A Party or third-party that produces Disclosure or Discovery Material in this action.

g. Designating Party.  A Party or third-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential."

h. Protected Material.  Any Disclosure or Discovery Material that is designated as "Confidential" or "Highly Confidential."

i. Outside Counsel.  Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

j. In-House or House Counsel.  Attorneys who are employees of a Party.

    k.      Counsel (Without qualifier).  Outside Counsel and House Counsel (as well as their support staffs) of a party.

    l.      Expert.  A person with specialized knowledge or experience in a matter pertinent to the litigation who is retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action.  This definition includes, but is not limited to, a professional jury or trial consultant retained in connection with this litigation.

2.      The use of the singular form of any word includes the plural, and vice versa.

3.      This Order shall govern the conduct of the parties and their attorneys and agents with respect to all designated records of testimony given at any deposition in this action and all designated answers, documents, information, and other discovery materials produced by the parties or any third party, whether informally or in response to interrogatories, requests for admissions or requests for production of documents or subpoenas, now pending or hereafter served, and any information obtained, summarized, derived, or compiled from such materials or discovery responses (i.e. all Disclosure or Discovery Material).

4.      This Order protects the confidentiality and limits the use and disclosure of documents, materials, items, or information that materially consist of information that is entitled to confidential treatment, including, without limitation, those items defined in Paragraph 1(c) and 1(d), above, (Confidential or Highly Confidential Information or Items).  All parties and their employees and agents, including, but not limited to, contract workers and temporary employees or workers, counsel of record in this action or other counsel to the parties and employees or agents of such counsel, as well as certain others as specified below, are bound by the terms of this Order.

K:\DLB\To_Be_Signed\09cv1015.o.proto.doc

5. Any party to this action, as well as any third party responding to a subpoena or any other properly served discovery request in this action who is bound by this Order shall have the right to designate as "Confidential" or "Highly Confidential" Information and subject to this Order any documents, materials, items, information, or other Disclosure or Discovery Material that such party believes in good faith constitutes Confidential or Highly Confidential Information.

6. A Designating Party may designate any Disclosure or Discovery Material produced after the date of this Order "Confidential Information" or "Highly Confidential Information" and subject to this Order by any of the means set forth below. Any such information will then constitute Protected Material.

    a. Stamping or inscribing on each page of the pertinent Disclosure or Discovery Material with words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

    b. So designating portions of a deposition transcript or deposition exhibits, either during the deposition or by written notice to the court reporter and all counsel of record within fifteen (15) court days after the reporter sends the final transcript or written notice that the final transcript is available for review. The court reporter shall be instructed to separately bind the Confidential Information portion and to mark the caption page of such portion Confidential or Highly Confidential. Until the fifteen (15) court day period expires, all deposition transcripts shall be treated as Protected Material subject to the terms of this Protective Order.

    c. Notifying all counsel in this case in writing of designation of any third-party-produced Disclosure or Discovery Materials as Confidential or Highly Confidential within fifteen (15) court days from the date the Designating Party has notice that the Disclosure or Discovery Material has been produced. Until the fifteen (15) court day period expires, all

K:\DLB\To_Be_Signed\09cv1015.o.proto.doc

third-party-produced Disclosure or Discovery Material shall be treated as Protected Material.

7. If any party inadvertently fails to designate Disclosure or Discovery Material as Confidential or Highly Confidential, that party may subsequently do so in writing within thirty (30) days after discovering the inadvertent failure to designate or of discovering the inadvertent production-disclosure and that material shall be protected under this Order from the date of that designation.

8. If a party seeks to file materials designated as Highly Confidential, the party must seek to do so under seal in accordance with District Court for the Eastern District of California Local Rule 141, or consistent with other procedures adopted by the parties and the Court. Any such Highly Confidential materials filed under seal or lodged conditionally under seal shall remain as such until further order of the Court.

9. Confidential Information, Protected Material and other material subject to the terms of this Order shall be used only for the purposes of this litigation, shall not be used for any business, competitive, governmental, or other legal purpose or function, and shall not be disclosed to anyone except as expressly permitted herein.

10. By designating Disclosure or Discovery Material as Confidential or Highly Confidential, the Designating Party certifies that such party believes in good faith that the designated Disclosure or Discovery Material constitutes Confidential Information in that it materially consists of information that is entitled to confidential treatment, including, without limitation, medical records, personal financial information, information containing confidential and sensitive matters, personnel files, personal information or information protected by rights of privacy under Article I, Section 1 of the California Constitution or other applicable law, or other proprietary or

1  sensitive information.

3      11.    Protected Material designated Confidential or Highly Confidential may
4  be disclosed only to:

    a.    Counsel of record to the parties in the instant action and other outside counsel to the parties who are retained with respect to this action and have agreed to be bound by this Order and signed the Acknowledgement attached hereto as Exhibit "A," including clerical, secretarial, and paralegal staff employed by such counsel.

    b.    In-house counsel actually working on or with direct oversight responsibility for this action, including clerical, secretarial, and paralegal staff employed by such counsel who work on this matter;

    c.    The parties to this action, including representatives, agents, and employees of the parties;

    d.    The Court, court staff, members of the jury, deposition and trial reporters, any mediators, and/or court-appointed referees;

    e.    Independent consultants or experts retained by any party who are expected to testify at trial or employed by counsel or any party in order to assist in preparation for trial or for deposition;

    f.    Witnesses during the course of their depositions or testimony, provided, however, that the party disclosing Protected Material to a witness shall, before such disclosure, show this Order to the witness and inform such witness of the terms of this Order and its binding nature upon all parties, their agents, and any witnesses to whom Protected Material is disclosed. The parties shall not disclose Protected Material to witnesses who have not consented, in advance, and preferably in writing, to abide by the terms of this stipulation and Order.

    g.    Any person who authored or previously received the Protected Material,

or who has knowledge of the specific facts identified in such materials;

h. Commercial photocopying services ordinarily used by counsel for the purpose of photocopying;

i. Any other person to whom the Designating Party agrees in writing.

All persons described in paragraph 10 above must not under any circumstances sell, offer for sale, exchange, advertise, or publicize either the Confidential/Highly Confidential Information or the fact that such persons have obtained such Information.

Nothing in this Order shall be construed so as to bind Court personnel in excess of the requirements of the applicable federal and/or local rules.

12. Copies may be made by or for the foregoing persons, provided that all copies are appropriately marked and treated as Confidential or Highly Confidential in accordance with this Order.

13. Persons or entities to whom Protected Material is disclosed (a) shall not discuss such Protected Material or disclose it or its contents to any person or entity other than those listed above; and (b) shall not discuss such Protected Material or disclose it or its contents for any purpose other than prosecution or defense of the claims and any counterclaims in this action.

14. Before any Protected Material is disclosed to any independent consultants, experts, or third party witnesses otherwise as allowed in this Order, such person or entity shall read this Order and sign the Acknowledgement attached hereto as Exhibit A.  A copy of each such Acknowledgement shall be obtained and maintained by counsel of record for each party disclosing such material until the conclusion of this litigation.

15. Except to persons contemplated by this Order, no person may disclose, in

K:\DLB\To_Be_Signed\09cv1015.o.proto.doc

public or private, Protected Material except as set forth in this Order; but nothing contained in this Order shall apply to any Designating Party's handling of its own Protected Material that has been designated as such solely by that party.

16. Notwithstanding any other provisions of this Order, nothing in this Order shall prohibit counsel for a party from disclosing a document designated as Protected Material to the author of the document or the original sources of the information recorded in such document or otherwise as permitted by the terms of this Order.

17. The procedures set forth in this Order shall not affect the rights of the parties to object to discovery on any appropriate grounds, nor shall they relieve a party of the necessity of proper responses to discovery devices.

18. Challenging Confidentiality Designations. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring with counsel for the Designating Party. The Challenging Party must give the Designating Party an opportunity of not less than ten (10) calendar days to review the designated material, to reconsider the circumstances, and, if no change in the designations is offered, to explain in writing the basis for the confidentiality designation.

A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under seal that identifies the challenged material and sets forth in detail the basis for the challenge, pursuant to the Federal Rules of Civil Procedure and the Local Rules for the United States District Court, Eastern District of California. Until the Court rules on the challenge, all parties must continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

K:\DLB\To_Be_Signed\09cv1015.o.proto.doc

19.     The provisions of this Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of this action, including without limitation during any appeals therefrom.  Within sixty (60) days after receiving notice of the entry of an order, judgment or decree finally disposing of this action, including any appeals therefrom, all persons having received Protected Material hereunder shall at such persons' own option either return such material and all copies thereof (including summaries and excerpts) to counsel for the Producing Party, or make commercially reasonable efforts to destroy all such material and copies thereof.  Counsel described in Paragraph 9(a) above shall be entitled to retain court papers, deposition and trial transcripts and attorney work product (including court papers, transcripts, and attorney work product that contain Protected Material) provided that such counsel, and employees of such counsel, shall not disclose any such Protected Material contained in such court papers, transcripts, or attorney work product to any person or entity at any time except pursuant to court order or a written agreement with the Producing Party.  All Protected Material returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this Paragraph.  The terms of this Order shall continue to be binding and in effect as to any and all Protected Material retained by any Receiving Party after the conclusion of this action; and the above entitled Court shall retain jurisdiction over any disputes that may arise from alleged violation of this Order, including retention of the Court's discretion to enforce this Order by sanctions or otherwise.

20.     In the event that any Protected Material is used in any court proceeding in this action or any appeal therefrom, such information or material shall not lose its status as Confidential or Highly Confidential.  Counsel for the parties shall confer in an effort to reach agreement upon such procedures as are necessary to protect the confidentiality of any documents, information and transcripts used in the course of

K:\DLB\To_Be_Signed\09cv1015.o.proto.doc

any court proceedings, and shall incorporate such procedures, as appropriate, in a further pre-trial order.

21.　No part of the restrictions imposed by this Order may be terminated, except by the written stipulation executed by counsel of record for each Designating Party, or by an Order of this Court.  The termination of this action shall not terminate the effectiveness of this Order.

22.　If any party receiving Protected Material in this action is served with a subpoena or receives an order, process, request, or other legal compulsion from any person (including natural persons, corporations, partnerships, firms, and governmental or regulatory agencies) who is not a party to this Order seeking production or disclosure of any Protected Material (an "Other Demand"), such party must notify the Designating Party, in writing, immediately and in no event more than ten business days after receiving the Other Demand.  Such party also must immediately inform in writing the party who caused the Other Demand to issue that some or all of the material sought is the subject of this Order.  In addition, the Receiving Party must deliver a copy of this Order promptly to the party that caused the Other Demand to issue.  If a party is otherwise required by law to disclose Protected Material (excluding information designated as such solely by the party itself), the Receiving Party must notify the Designating Party, in writing, immediately and in no event more than five business days after receiving notice of such alleged duty.

23.　If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed or used Protected Material to any person or entity or in any circumstances not authorized under this Order, such Receiving Party must immediately (a) notify the Designating Party of all such unauthorized disclosures or uses, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

K:\DLB\To_Be_Signed\09cv1015.o.proto.doc

whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A.  Nothing in this Paragraph in any way limits Designating Party's ability to seek immediate remedy and relief in the appropriate fashion, or any way limits any Receiving Party's liability for unauthorized disclosure.

24.   By stipulating to the entry of this Order no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground.  Similarly, no party waives any right to object on any ground to the admission into evidence of any Protected Material.

25.   All parties acknowledge that, while each party is making appropriate efforts to identify and withhold from production any documents that such party believes are privileged or otherwise protected from disclosure, there is a possibility that privileged or otherwise Protected Material may be produced inadvertently. Accordingly, in order to facilitate the production of Disclosure or Discovery Material, the parties understand and agree that, to the extent that Disclosure or Discovery Material may include materials subject to the attorney-client privilege, work product doctrine or other applicable privilege or protection from disclosure, the inadvertent production of such Disclosure or Discovery Material is not intended to, and shall not, waive or diminish in any way the confidentiality of such material or its continued protection under the attorney-client privilege, work product doctrine or any other applicable privilege or protection from disclosure.  The parties further agree that, if a Producing Party at any time notifies each Receiving Party that any Disclosure or Discovery Material is subject to a claim of privilege or of other protection from disclosure, or if a Receiving Party discovers that such material has been inadvertently produced, each Receiving Party shall return the specified information, testimony, or

documents and any copies or summaries or extracts thereof such party has, to the Producing Party within ten (10) business days of receipt of such notice or discovery and shall not use or disclose such items for any purpose; provided, however, that such return shall not preclude the Receiving Party from seeking to compel production of the materials for reasons other than its inadvertent production and shall not constitute an admission by the Receiving Party that the materials were in fact privileged or protected from disclosure in any way.

26.   The parties may extend the time periods to designate Disclosure or Discovery Materials as Confidential or Highly Confidential under Paragraphs 4 of this Order by written agreement.

27.   Retention of Completed "Acknowledgment and Agreement to Be Bound" Forms (Exhibit A).  Completed "Acknowledgment and Agreement to Be Bound" Forms (Exhibit A) ("form") must be maintained by the Party that obtained the completed form pursuant to this Protective Order.  The Party retaining the completed form will produce the form to resolve any good faith challenge by a Party or Designating Party or dispute whether a person who is obligated under this Protective Order to complete the form did so properly and complied with the representations in the form and this Protective Order.  If the parties are unable to resolve any such disputes or challenges through a good faith meet and confer process, the challenging Party or Designating Party may seek appropriate relief from this Court.

28.   Nothing in this Stipulation or Protective Order shall be construed so as to bind Court personnel in excess of any requirements of the Local Rules of the United States District Court, Eastern District of California.

29.   It is further agreed that this stipulation may be signed in counterpart and

that a facsimile or electronic signature will be as valid as an original signature.

   IT IS SO STIPULATED.

| | |
|---|---|
| DATED: July 2, 2010. | Dooley, Herr, Peltzer & Richardson, LLP |
| | By:   /s/ Leonard Herr            |
| | Leonard Herr<br>Attorneys for Defendants<br>City of Visalia, Visalia Police Department, Officer Carmen Esparza, and Officer Sean O'Rafferty |
| DATED: July 2, 2010. | Manning & Marder, Kass Ellrod, Ramiriez LLP |
| | By:   /s/ Mildred O'Linn          <br>Mildred K. O'Linn<br>Attorneys for Defendant<br>Taser International, Inc. |
| DATED: July 2, 2010. | REED SMITH LLP |
| | By:   /s/ David Weiss           <br>David Weiss[1]<br>Attorneys for Plaintiff<br>Jesse Ray Lucas |

**PURSUANT TO STIPULATION, IT IS SO ORDERED:**

DATED: 22 July, 2010

              /s/ *Dennis L. Beck*
              United States Magistrate Judge

---

[1] As the e-filer, I attest that each of the signatories hereto has concurred in the filing of this document.

K:\DLB\To_Be_Signed\09cv1015.o.proto.doc

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on _____ in the case of <u>Jesse Ray Lucas v. City of Visalia, et.al.</u>, Case No.: 1:09-cv-01015-AWI-DLB.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with

K:\DLB\To_Be_Signed\09cv1015.o.proto.doc

this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
[printed name]

Signature: _____
[signature]