IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE RAY LUCAS,<br><br>      Plaintiff,<br><br>vs.<br><br>CITY OF VISALIA, et.al,<br><br>      Defendants. | Case No. 1:09-cv-01015 AWI JLT<br><br>ORDER DENYING REQUEST TO SEAL RECORD WITHOUT PREJUDICE<br><br>(Doc. 61) |

On September 17, 2010, Plaintiff, apparently, made his initial disclosure to the defendants. However, in doing so, inadvertently, he filed a copy of the disclosure with the Court. (Doc. 58) Currently before the Court is a motion filed by Plaintiff to "withdraw" the disclosure from the Court's record due to his concern that it reveals "potentially confidential information." (Doc. 61 at 2) However, Plaintiff fails to identify any portion of the document that he believes contains confidential information and the Court's review of the document, fails to raise any concern.

Although styled as a motion to "withdraw" the document from the Court's record, the procedure for removing a filed document from the public view is through a motion to seal. A motion to seal a document implicates the "general right to inspect and copy public records and

documents, including judicial records and documents," <u>Nixon v. Warner Commc'ns, Inc.</u>, 435 U.S. 589, 597 (1978).  The fact that such a motion is not opposed adds no support to the request. See <u>Foltz v. State Farm Mut. Auto Ins. Co.</u>, 331 F.3d 1122, 1128-1130 (9th Cir. 2003) (stipulated order without more insufficient basis to seal court records).

The party seeking to seal a document related to a non-dispositive motion must meet the "good cause" standard set forth by Federal Rule of Civil Procedure 26(c). <u>Foltz</u>, 331 F.3d at 1135; see also <u>Kamakana v. City & County of Honolulu</u>, 447 F.3d 1172, 1180 (9th Cir. 2006); <u>Pintos v. Pacific Creditors Ass'n</u>, 565 F.3d 1106, 1115-1116 (9th Cir. 2009). "A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." <u>Foltz</u>, 331 F.3d at 1130. "[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." <u>Beckman Indus., Inc. v. Int'l Ins. Co.</u>, 966 F.2d 470, 476 (9th Cir. 1992).

Moreover, Local Rule 141, sets forth the requirements for a party seeking to seal a document.  This rule reads,

> The "Request to Seal Documents" shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the documents, and all other relevant information. If the Request, proposed order, and/or documents covered by the Request were submitted without service upon one or more other parties, the Request also shall set forth the basis for excluding any party from service. The documents for which sealing is requested shall be paginated consecutively so that they may be identified without reference to their content, and the total number of submitted pages shall be stated in the request.

<u>Id</u>. Here, Plaintiff fails to comply with the applicable legal authorities and has failed to demonstrate good cause to justify sealing the record.  In fact, Plaintiff has not identified *any* portion of the document that contains confidential information and states only his concern that it contains "potentially confidential information."  (Doc. 61 at 2) However, the Courts careful review of the document fails to raise any "red flags" that the information contained therein is confidential or so intimate that the public should be prevented from reviewing it.  Therefore, the Plaintiff's request to seal the record is **DENIED**.  However, this order is without prejudice to

1  Plaintiff filing a renewed motion that is based upon the relevant legal authorities and which
2  complies with the Local Rules.
3
4  IT IS SO ORDERED.
5  Dated:   **September 20, 2010**                              /s/ Jennifer L. Thurston
                                                         UNITED STATES MAGISTRATE JUDGE