# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE RAY LUCAS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF VISALIA, et al.,<br><br>　　　　Defendants. | Case No.: 1:09-cv-01015  AWI JLT<br><br>ORDER SETTING SETTLEMENT CONFERENCE<br><br>(Doc. 117) |

Before the Court is the stipulation of the parties seeking a settlement conference. In the stipulation, the parties recall the Court has conducted one settlement conference and, at that time, the matter was not amenable to settlement due, at least in part, to the fact that Defendants intended to file a motion for summary judgment which, they believed, would be fully successful. Now, the parties report the dispositive motion has been filed but not decided. Due to the impending pretrial and trial dates, the parties wish to engage in further formal settlement efforts.

　　　The parties do not report whether they have engaged in discussions since the last settlement conference in an attempt to resolve the matter. However, the Court stands ready to assist the parties if they believe such efforts are likely to be fruitful.

**ORDER**

　　　Based upon the request of the parties, the Court **ORDERS**:

1

1. A settlement conference is set on **May 30, 2013 at 9:30 a.m.** at the United States Courthouse located at **510 19th Street, Bakersfield, CA**;

2. Unless otherwise permitted in advance by the Court, **the attorneys who will try the case shall appear** at the settlement conference **with the parties** and the person or persons having **full authority** to negotiate and settle the case **on any terms**[1] at the conference.

3. **At least 21 days before** the settlement conference, Plaintiff **SHALL** submit to Defendant via fax or e-mail, a written itemization of damages and a **meaningful**[2] settlement demand which includes an explanation why such a settlement is appropriate.

4. **No later than 14 days before** the settlement conference, Defendant **SHALL** respond, via fax or e-mail, with an acceptance of the offer or with a **meaningful** counteroffer which includes an explanation why such a settlement is appropriate.

5. If settlement is not achieved, each party **SHALL** attach copies of their settlement offers to their Confidential Settlement Conference Statement, as described below. Copies of these documents shall not be filed on the court docket.

6. **At least five court days prior** to the Settlement Conference, the parties shall submit, by e-mail to JLTOrders@caed.uscourts.gov, a confidential settlement conference statement. The statement **should not be filed** with the Clerk of the Court **nor served on any other party**, although the parties may file a "Notice of Lodging of Settlement Conference Statement." Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon. The Confidential Settlement Conference Statement shall include the following:

    A. A brief statement of the facts of the case.

    B. A brief statement of the claims and defenses, i.e., statutory or other grounds

---

[1] Insurance carriers, business organizations, and governmental bodies or agencies whose settlement agreements are subject to approval by legislative bodies, executive committees, boards of directors or the like shall be represented by a person or persons who occupy high executive positions in the party organization and who will be directly involved in the process of approval of any settlement offers or agreements. To the extent possible the representative shall have the authority, if he or she deems it appropriate, to settle the action on terms consistent with the opposing party's most recent demand.

[2] "Meaningful" means an offer that is reasonably and in good faith, calculated to lead to settlement. It need not be a "final and best" offer but should reflect a serious, thoughtful and studied examination of the approximate amount for which the case will settle.

2

upon which the claims are founded; **a forthright evaluation** of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

      C.     A summary of the proceedings to date.

      D.     An estimate of the cost and time to be expended for further discovery, pretrial and trial.

      E.     The relief sought.

      F.     The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

IT IS SO ORDERED.

Dated:   **April 8, 2013**                      **/s/ Jennifer L. Thurston**
                                                             UNITED STATES MAGISTRATE JUDGE